UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRITT WOODRING,

               Plaintiff,                                             Civil No. 07-077-HA

          v.                                               OPINION AND ORDER

CITY OF SANDY, OREGON, KALEN
TAYLOR, and WILLIAM BERGIN,

               Defendants.

—————————————————————

HAGGERTY, District Judge:

     Plaintiff brings suit alleging civil rights violations for excessive force, unlawful arrest,

and malicious prosecution against the City of Sandy and Sandy Police Officers William Bergin

and Kalen Taylor.  The parties have obtained extensions, protective orders, and have resolved

several discovery disputes.  Defendants' Motion for Summary Judgment [35] has remained

pending during these efforts.  This motion is now fully briefed, and is resolved by this ruling

without oral argument.

**BACKGROUND**

1 - OPINION AND ORDER

The following factual summary is derived from the parties' submissions and is based upon either undisputed facts or factual assertions that are viewed in the light favorable to plaintiff's claims.  On February 18, 2006, the officer-defendants were called to the Paola Pizza Barn, a restaurant in Sandy, Oregon, by a bartender.  The bartender was concerned that plaintiff was distraught and possibly unable to safely drive away from the restaurant.  Plaintiff alleges that while at Paola's, he had consumed part of one rum drink, and at the time was upset with his spouse.  He claims that the officer-defendants confronted him at the restaurant, tasered him and beat him severely.  Plaintiff was also cited for Criminal Trespass and Resisting Arrest.  These citations were subsequently dropped.

Several months later, on May 14, 2006, co-defendant Officer Bergin contacted plaintiff's sister and allegedly threatened her if she did not reveal plaintiff's location.  On May 17, 2006, co-defendant Bergin re-issued plaintiff citations for Criminal Trespass and Resisting Arrest. One week before trial these charges were again dropped.

Plaintiff now brings the following claims:

• A claim for excessive force brought under 42 U.S.C. § 1983 against defendants Bergin and Taylor "in their individual and official capacities" and against the City of Sandy (First Claim);

•  A claim for false arrest brought under 42 U.S.C. § 1983 against defendants Bergin and Taylor "in their individual and official capacities" and against the City of Sandy (Second Claim);

2 - OPINION AND ORDER

- A claim for malicious prosecution brought under 42 U.S.C. § 1983 against defendants Bergin and Taylor "in their individual and official capacities" and against the City of Sandy (Third Claim); and

- A state tort claim for malicious prosecution against the City of Sandy (Fourth Claim).

**MOTION AT ISSUE**

    **1.    Defense Motion**

    Defendants advance a multi-faceted motion against plaintiff's claims.  First, defendants seek what they term "summary judgment" as to plaintiff's invocation of Fourteenth Amendment protections in support of plaintiff's federal claims for excessive force and false arrest.  Relatedly, defendants acknowledge that material issues of fact preclude granting defendants' summary judgment on claims for excessive force and false arrest as brought by plaintiff under the Fourth Amendment.

    Second, defendants seek summary judgment as to plaintiff's Third Claim alleging a federal claim for malicious prosecution.

    Third, defendants move for summary judgment, or to strike, regarding plaintiff's pleading federal civil rights claims against defendants Taylor and Bergin in their "official capacities."

    Fourth, defendants move for summary judgment on behalf of the City of Sandy, arguing that as a matter of law no municipal liability has been established.

    Fifth, defendants challenge plaintiff's Fourth Claim brought under state law against the City of Sandy for malicious prosecution.  Defendants assert that (1) plaintiff has failed to sufficient evidence of malice; (2) the accompanying claim for attorney fees is improper; (3) and plaintiff's tort notice was untimely and inadequate.

3 - OPINION AND ORDER

## STANDARDS

A party is entitled to summary judgment as a matter of law if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact."  Fed. R. Civ. P. 56(c); *see Bahn v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).  The moving party carries the initial burden of proof and meets this burden by identifying portions of the record on file that demonstrate the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).  Once the initial burden is satisfied, the burden shifts to the non-moving party to demonstrate through the production of probative evidence that there remains an issue of fact to be tried.  *Id.*

The court must view the evidence in the light most favorable to the non-moving party. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000) (citations omitted). All reasonable doubt as to the existence of a genuine issue of fact is resolved against the moving party.  *MetroPCS, Inc. v. City and County of S.F.*, 400 F.3d 715, 720 (9th Cir. 2005) (citation omitted).  If different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Ins. Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir. 1981) (citing Fed. R. Civ. P. 56(c)).

Deference to the non-moving party has limits.  The non-moving party "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  The "mere existence of a scintilla of evidence in support of the [non-moving party's] position would be insufficient."  *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 252 (1986).  Where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

Because this court construes some of defendants' arguments as seeking to strike portions of plaintiff's Complaint, the standards for striking pleadings is also reviewed. Motions to strike are regarded with disfavor. *Montecino v. Spherion Corp.*, 427 F. Supp.2d 965, 966-67 (C.D. Cal. 2006) (citation omitted). Matters should not be stricken from a pleading unless it is clear that those matters have no possible bearing upon the subject matter of the litigation. *Id*. at 967 (citation omitted). Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

In determining whether to grant a motion to strike, a district court views the pleadings in a light most favorable to the non-moving party, and "resolves any doubt as to the . . . sufficiency of a defense in defendant's favor." *State of Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp.2d 1028, 1033 (C.D. Cal. 2002) (citing *In re 2TheMart.com Sec. Litig*., 114 F. Supp.2d 955, 965 (C.D. Cal. 2000)). Whether to strike challenged materials from pleadings is within the sound discretion of the district court. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993).

## ANALYSIS

After defendants' initial memorandum supporting their motion was filed, the parties conducted additional discovery. Pursuant to that discovery, the parties obtained protective orders issued by this court. Plaintiff then filed his responsive brief, and defendants filed their comprehensive Reply memorandum. The Reply brief narrowed and clarified defendants' arguments against plaintiff's claims. The following analysis tracks defendants' summary of their pending arguments, as outlined in their Reply brief.

### 1.    Constitutional Standards

Defendants first contend that allegations that law enforcement officers used excessive force in the course of their arrest of plaintiff, and falsely arrested plaintiff, should be analyzed under the Fourth Amendment's reasonableness standard rather than under the Fourteenth Amendment's substantive due process approach.  Dft.'s Mot. Supp. S.J. at 3, citing *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Blanford v. Sacramento County*, 406 F.3d 1110, 1115 (9th Cir. 2005).

Plaintiff concedes that his claim for false arrest should be analyzed under the Fourth Amendment's reasonableness standard rather than under the Fourteenth Amendment's substantive due process approach.  Pl. Resp. at 13.  Accordingly, defendants are granted summary judgment as to this issue, or, more precisely, defendants' motion is granted to the extent that plaintiff's references to the Fourteenth Amendment in support of his false arrest claim are stricken.

Plaintiff contends that his Fourteenth Amendment references are proper in the context of his excessive force claim.  Plaintiff argues that his excessive force claim is analogous to "guard brutality" cases in which the Ninth Circuit has reasoned that conduct amounting to brutality violates liberty interests protected by the Fourteenth Amendment's Due Process Clause.

The prison inmate cases upon which plaintiff relies are inapposite.  The Fourteenth Amendment's substantive due process protections invoked by plaintiff are preempted in cases in which a plaintiff's claims rely upon specific constitutional limits on the disputed government conduct.  This court "may not expand the constitutional protections afforded by the bill of rights in those areas specifically addressed by the first eight amendments" through a purported

6 - OPINION AND ORDER

application of the substantive due process clause. *Armendariz v. Penman*, 75 F.3d 1311, 1325 (9th Cir. 1996) (*en banc*).

Plaintiff's proposed substantive due process analysis in support of his excessive force claim "has no place in context already addressed by the explicit textual provisions of constitutional protection, regardless of whether the claims under those amendments have merit." *Id*. at 1325-26. Therefore, defendants are entitled to have plaintiff's references to the Fourteenth Amendment in support of his excessive force claim stricken.

### 2.    Summary judgment on the federal claim for malicious prosecution

Next, defendants seek summary judgment as to plaintiff's Third Claim alleging a federal claim for malicious prosecution. This argument advances multiple grounds for granting summary judgment – including arguments for summary judgment individually to defendant Taylor, individually to defendant Bergin, and summary judgment on theories applicable to all defendants.

Plaintiff alleges that his arrest on February 18, 2006, for Criminal Trespass II and Resisting Arrest by defendants Bergin and Taylor were "conducted without probable cause and with malice towards Plaintiff, in violation of his well-established right to liberty under the Fourteenth Amendment to the U.S. Constitution." Comp. at 9-10. Plaintiff also alleges that defendant Bergin re-issued these charges against plaintiff on May 17, 2006, "without probable cause, and with malice" against plaintiff. *Id*. at 10.

"Malicious prosecution, by itself, does not constitute a due process violation; to prevail, [a plaintiff] must show that the defendants prosecuted him with malice and without probable cause, and that they did so for the purpose of denying him equal protection or another specific

7 - OPINION AND ORDER

constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995). Malicious prosecution actions are not limited to suits against prosecutors but may be brought, as here, against other persons who have allegedly caused the charges to be filed. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126-27 (9th Cir. 2002).

Plaintiff has pled only that defendants' malicious prosecution has resulted in a due process violation under the Fourteenth Amendment. As this is insufficient, defendants are entitled to summary judgment. Moreover, even if plaintiff were to replead this claim to allege a Fourth Amendment violation (as plaintiff argues in his responsive brief), summary judgment would still be proper.

For reasons discussed below, even if this claim were amended, defendant City of Sandy would be entitled to summary judgment as to plaintiff's federal malicious prosecution claim on grounds that plaintiff has failed to establish grounds for municipal liability.

Defendant Bergin would be entitled to summary judgment on the claim to the extent it pertains to the re-issuance of the charges in May, 2006. Government officials sued in their individual capacities under § 1983 are entitled to raise the affirmative defenses of qualified immunity. Qualified immunity generally protects government officials in the course of performing the discretionary duties of their offices. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This affirmative defense bars civil liability damages in cases in which the official's conduct fails to "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*.

When evaluating a qualified immunity defense, a court must first determine whether the plaintiff has shown that the action complained of constituted a violation of his or her

8 - OPINION AND ORDER

constitutional rights.  *See Sonoda v. Cabrera*, 255 F.3d 1035, 1040 (9th Cir. 2001).  If the court is satisfied that a constitutional violation occurred at the hands of a government official, the court then determines: (1) whether the violated right was clearly established, and (2) whether a reasonable public official could have believed that the particular conduct at issue was lawful.  *Id*. The court examines whether qualified immunity applies by determining the "objective legal reasonableness" of a government official's conduct.  *Harlow*, 457 U.S. at 819.

Viewing the facts in the light most favorable to plaintiff, and assuming that plaintiff has alleged a violation of a clearly established constitutional right, this court would then examine whether the officer objectively could have believed that the officer's conduct was lawful. *Watkins v. City of Oakland*, 145 F.3d 1087, 1092 (9th Cir. 1998).

There is no dispute that defendant Bergin's conduct of re-issuing charges against plaintiff occurred under directions from a Deputy District Attorney.  Bergin acted reasonably in so doing, and objectively could have believed that his conduct was lawful.  He is entitled to qualified immunity regarding the re-issuance of charges against plaintiff.

Similarly, qualified immunity would apply to both Taylor and Bergin regarding their initial arrest of plaintiff on February 18, 2006.  After examining the totality of the circumstances, this court concludes that reasonably objective officers could have believed that their arrest of plaintiff on February 18, 2006, was lawful.  The officers were responding to a request by a restaurant employee who telephoned 9-1-1 for emergency assistance.  Undisputed witness statements establish that disagreements arose between the officers and plaintiff at the restaurant. Moreover, plaintiff's attempted showing that these officers possessed the requisite malice during that arrest to support a malicious prosecution claim is inadequate.

9 - OPINION AND ORDER

**3.      Summary judgment regarding, or striking references of "official capacities"**

Defendants' third argument in their motion is for summary judgment regarding plaintiff's pleading federal civil rights claims against defendants Taylor and Bergin in their "official capacities" as well as against these defendants individually.  Plaintiff responds that this argument "runs directly contrary to how matters are asserted."  Pl.'s Resp. at 16.

Section 1983 claims against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *see also Gomez v. Vernon*, 255 F.3d 1118, 1126 (9th Cir. 2001) (a suit against an individual in his or her official capacity is, in reality, a suit against the government entity itself).  In cases in which the government entity is also being sued, there is no purpose served by maintaining the suit against an individual defendant sued in his or her official capacity.  Such "official capacity" claims are superfluous. However, for reasons addressed below, the City of Sandy is entitled to summary judgment regarding claims alleging municipal liability.  Accordingly, plaintiff's "official capacity" claims are not superfluous and are not stricken.

**4.      Summary judgment against municipal liability claims**

Fourth, defendants move for summary judgment on behalf of the City of Sandy, arguing that as a matter of law no municipal liability has been established.  A municipality may not be held liable under 42 U.S.C. § 1983 simply because it employs a tortfeasor.  *Bryan County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

10 - OPINION AND ORDER

Municipal liability under *Monell* is established in cases in which an officer or entity has promulgated a generally applicable statement of policy and the subsequent conduct that is the source of a plaintiff's claim is an implementation of that policy. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1024 (9th Cir. 2008) (quoting *Brown*, 520 U.S. at 417). This policy may either be "explicitly adopted" or "tacitly authorized." *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir. 1986) (citing *Monell*, 436 U.S. at 690-91).

To establish municipal liability, a plaintiff must show that: (1) the plaintiff possessed a constitutional right that was deprived; (2) the municipality maintains a related policy; (3) that policy amounts to a deliberate indifference to plaintiff's constitutional rights; and (4) that policy is the moving force behind the constitutional violation. *Mabe v. San Bernadino County Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th Cir. 2001); *Blair v. City of Pomona*, 223 F.3d 1074, 1079 (9th Cir. 2000).

Plaintiff repeatedly asserts that municipal liability is established because the City of Sandy and its officials "took no steps to reprimand or discharge their subordinates and/or have failed to admit the subordinates['] conduct was in error, therefore, subjecting the City of Sandy to liability for the constitutional violations perpetrated against Plaintiff." Pl.'s Resp. at 3; *see also id*. at 12-13 (identical quote); *id*. at 14-15 (municipal liability established because the City took no steps to reprimand or discharge individual defendants and did not "even make inquiry of the constitutional depriving event").

Plaintiff relies upon the reasoning expressed in *Harper*, in which the Ninth Circuit concluded that there was substantial evidence to support a jury's determination that constitutional violations demonstrated at trial were the result of an official policy set by government-authorized

11 - OPINION AND ORDER

decision-makers. *Harper*, 533 F.3d at 1025. The Ninth Circuit came to this conclusion after

detailing extensive evidence that the decision-makers repeatedly expressed confidence in the

alleged tortfeasors and pressured other actors to commit allegedly unconstitutional acts:

> Indeed, the [tortfeasors'] chain-of-command reported regularly to [the decision-maker Police Chief] and the jury was entitled to believe that [the Police Chief's] expressions as the official policymaker accurately reflected the direction and quality of the [tortfeasors'] investigation, which was to ready cases for the filing of charges as quickly as possible, with or without probable cause.

*Id*.

After reviewing this and other extensive evidence of ratification, the Ninth Circuit

acknowledged that the jurors "also could have supported their determination of an official policy

from the failure of [the Police Chief] to take any remedial steps after the officers were acquitted

on all charges . . . and it became clear that the [tortfeasors'] investigation was flawed. *Id*. at

1026 (citing *McRorie v. Shimoda*, 795 F.2d 780, 784 (9th Cir. 1986). The court in *McRorie*

addressed claims arising from a prison "shakedown" in which guards were alleged to have

seriously injured twenty-nine inmates in a manner that reflected a disregard to human life and

safety so prevalent as to be deemed a policy. 795 F.3d at 783-84 (citation omitted). The court

reasoned that a policy or custom could be inferred if officials took no steps to reprimand or

discharge subordinates, and failed to admit that the subordinates' conduct was in error, after such

egregious behavior. *Id*. at 784.

The absence of any reprimand or acknowledgment in this case is distinguishable, and

fails to support a claim for municipal liability. Isolated instances of alleged police misconduct

are insufficient to show that municipal policymakers had knowledge of and acquiesced to such

misconduct. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). Although a pre-existing

12 - OPINION AND ORDER

disposition of policymakers can be inferred from their response to police misconduct, that misconduct must be clear, such as gross abuse of the use of deadly weapons or other recklessness (such as seriously injuring twenty-nine inmates).  *Henry v. County of Shasta*, 132 F.3d 512, 520 (9th Cir. 1997); *amended on denial of rehearing,* 137 F.3d 1372; *see also Santiago v. Fenton*, 891 F.2d 373, 382 (1st Cir. 1989) (a failure of a police department to discipline in a specific instance is an inadequate basis for municipal liability under *Monell*).

Here there is undisputed evidence that the officers' reports and plaintiff's complaints were reviewed by the Sandy Chief of Police, City Attorney and the City Manager.  In light of the nature of the witness statements and the facts presented in these documents, no pre-existing policy or custom regarding the City's alleged acquiescence to police misconduct can be inferred from a lack of reprimand of the individual defendants.  Defendant City of Sandy is entitled to summary judgment in this matter.

**5.    Summary judgment against plaintiff's state law claim**

Finally, defendants challenge plaintiff's Fourth Claim brought under state law against the City of Sandy for malicious prosecution.  Defendants assert that (1) plaintiff has failed to establish sufficient evidence of malice; (2) the accompanying claim for attorney fees is improper; (3) and plaintiff's tort notice was untimely and inadequate.

This court has reviewed the circumstances surrounding plaintiff's attempt to comply with Or. Rev. Stat. 30.275(2)(b) by giving tort notice within 180 days.  The Sandy City Manager received a tort notice letter dated November 2, 2006.  Because the requisite tort claim notice was not received by the statutorily designated individual within the time mandated by statute, defendants are entitled to summary judgment as to plaintiff's state law claim.

13 - OPINION AND ORDER

**CONCLUSION**

Oral argument on the summary judgment motion was unnecessary.  For the reasons provided, defendants' Motion is granted as follows:

• Material issues of fact preclude granting summary judgment on claims for excessive force and false arrest as brought by plaintiff under the Fourth Amendment.  However, defendants are entitled to have plaintiff's references to the Fourteenth Amendment in supporting his excessive force and false arrest claims stricken.

• Defendants are granted summary judgment as to plaintiff's Third Claim alleging a federal claim for malicious prosecution.

• Defendants are not entitled to a dismissal and striking of plaintiff's "official capacity" claims, because those claims are no longer superfluous.

• Defendants are entitled to summary judgment on behalf of the City of Sandy because as a matter of law no municipal liability has been established.

• Finally, defendants are granted summary judgment regarding plaintiff's Fourth Claim brought under state law against the City of Sandy for malicious prosecution, because plaintiff's tort notice was untimely and inadequate.

The parties shall submit a status report indicating dates available for trial, the anticipated length of trial, and a trial document filing schedule.  This shall be filed by December 4, 2009.

IT IS SO ORDERED.

DATED this __5__ day of November, 2009.

 /s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge